UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

LUIS ANOTONIO LUCIANO,

        Petitioner,

   -v-                                   No.  10-CR-905-LTS
                                             No.  16-CV-6102-LTS

UNITED STATES OF AMERICA,

        Respondent.

------------------------------------------------------------x

<u>MEMORANDUM ORDER</u>

        Petitioner Luis Antonio Luciano ("Petitioner" or "Luciano") was convicted on

October 27, 2011, upon a guilty plea, of conspiring to distribute marijuana, in violation of 21

U.S.C. §§ 846 and 841(b)(1)(C), and was sentenced principally to a custodial sentence of 54

months' imprisonment and a forfeiture money judgment of $525,000.  (Judgment, Docket Entry

No. 709.[1])  Petitioner now moves, <u>pro se</u>, pursuant to 28 U.S.C. § 2255 to vacate, set aside, or

correct his sentence, seeking relief from his forfeiture obligation.

        The Court has reviewed thoroughly the parties' submissions in connection with

Petitioner's 28 U.S.C. § 2255 motion (the "Petition," Docket Entry No. 1862), construing

Petitioner's arguments liberally to raise the strongest arguments that they suggest, <u>Graham v.

Henderson</u>, 89 F.3d 75, 79 (2d Cir. 1996).  For the following reasons, Petitioner's motion is

denied in its entirety.

---

[1]      Unless otherwise noted, all citations are to the criminal docket, No. 10-CR-905-LTS.

On November 9, 2010, Petitioner was charged in Superseding Indictment S12 with, <u>inter alia</u>, conspiracy to distribute or possess with intent to distribute one thousand kilograms or more of marijuana in violation of 21 U.S.C. sections 846 and 841(b)(1)(A). (S12 Superseding Indictment, Count Two, Docket Entry No. 130.) Petitioner pleaded guilty, pursuant to a plea agreement, to conspiracy to distribute or possess with intent to distribute more than fifty kilograms of marijuana in violation of 21 U.S.C. sections 846 and 841(b)(1)(C), a lesser included offense of the charged count. (Change of Plea Hearing Tr. at 10:13-22.) Pursuant to the plea agreement, Petitioner also admitted the forfeiture allegation associated with Count Two and agreed to forfeit $525,000 to the United States. (<u>Id.</u> at 19:25-20:5.)

At his change of plea hearing, the Court verified that Petitioner had read, understood, and discussed the plea agreement with his attorney. (<u>Id.</u> at 17:24-18:19.) Petitioner also answered that no one had "made any promises to [him] other than what's written in the plea agreement." (<u>Id.</u> at 18:20-23.) Petitioner responded affirmatively when asked by the Court whether he understood that, if his "attorney or anyone else has attempted to estimate or predict what [his] sentence will be, their estimate or prediction could be wrong." (<u>Id.</u> at 15:4-21.) Petitioner also confirmed to the Court that the plea agreement accurately reflected his "complete and total understanding" of his agreement with the Government. (<u>Id.</u> at 18:11-14.) At the hearing, the Court also "so ordered" and entered the Consent Order of Forfeiture/Preliminary Order of Forfeiture (the "Forfeiture Order") signed by the parties. (<u>Id.</u> at 19:25-20:23; Forfeiture Order, entered on the docket on Oct. 27, 2011, Docket Entry No. 574.) Furthermore, the Court verified that Petitioner understood that he was not obligated to agree to the forfeiture. (Change of Plea Hearing Tr., at 20:6-9.)

Petitioner was sentenced to 54 months' imprisonment, a 4-year term of supervised release, and a forfeiture obligation on February 24, 2012. (Judgment, Docket Entry No. 709.) At sentencing and as reflected in the Judgment docketed three days later, Petitioner was ordered to forfeit $525,000 consistent with the Forfeiture Order. (Sentencing Hearing Tr. at 30:8-11; Judgment at 6.) In light of Petitioner's financial circumstances, the Court did not impose a fine. (Sentencing Hearing Tr. at 29:23-24.)

More than four years later, Petitioner requested, by a letter dated April 13, 2016, that the Court relieve him of his forfeiture obligation. (See Order, Docket Entry No. 1828.) The Court denied this request, finding that the "deadline for requesting modification or appeal of the judgment ha[d] passed" pursuant to Federal Rules of Criminal Procedure 32 and 35. (Id.)

In his moving papers, Petitioner contends that when his counsel, David Touger, explained the plea agreement to him, counsel assured him that "the fine would be waived due to the fact that [he did not] have property or own anything." (Petition, at ECF pg. 4.) Petitioner claims that he only became aware of his forfeiture obligation when he received a letter one year after his release from custody. (Id. at ECF pgs. 5, 12.)

## DISCUSSION

Petitioner contends that he must be relieved of his forfeiture obligation because his counsel told him that "the fine would be waived due to the fact that [he did not] have property or own anything." (Petition, at ECF pg. 4.) The Government argues that Luciano's petition is barred as untimely under 28 U.S.C. section 2255(f) and that the terms of his plea agreement prohibit him from collaterally attacking his sentence. Section 2255(f) of Title 28 establishes a one-year limitation period for motions to collaterally attack a sentence, running from the latest of:

(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.S. § 2255(f)(1)-(4) (LexisNexis 2013).

Petitioner, who did not reply to the Government's opposition, has made no assertion that his petition was delayed by Government interference or that the Supreme Court has newly recognized a relevant right. Although Petitioner maintains that he did not learn of his forfeiture obligation until a year after his release, the following facts establishing his forfeiture obligation were available to him earlier through the exercise of due diligence: Petitioner admitted the forfeiture allegation during his guilty plea, at which time the Court cautioned him that not even his counsel could guarantee his sentence; the Court entered the Forfeiture Order, which was signed by Petitioner, at his plea hearing; the Court specifically ordered Petitioner to forfeit $525,000 at his sentencing; and his forfeiture obligation was reflected in the Judgment that was available on the public docket.[2]

---

[2]    To the extent that Petitioner conflates counsel's purported statement that Petitioner would not have to pay a "fine," with advice concerning his forfeiture obligation, the date on which Petitioner, exercising due diligence, could have discovered the existence of his operative forfeiture obligation is unaffected. Forfeiture and fines are distinct obligations and any contrary perception would have been dispelled when the Court stated it would not impose a fine but concurrently ordered forfeiture. (See Order, Docket Entry No. 1828 ("A forfeiture obligation is not a fine, but represents proceeds derived from the charged illegal activity that must be returned.").)

Luciano's petition, therefore, was required to be filed no later than one year after his judgment of conviction became final.[3]  Judgment was entered on February 24, 2012, and Petitioner had fourteen days from that date to file a notice of appeal.[4]  Since Petitioner did not file any such notice, his judgment become final on March 9, 2012.  Petitioner therefore had until March 9, 2013, to file a timely petition collaterally attacking his sentence.  The instant petition was filed on August 1, 2016, and thus was untimely.[5]

To the extent the Petition can be liberally construed to assert a constitutional claim of ineffective assistance of counsel, it must be dismissed.  To prevail on an ineffective assistance of counsel claim, Petitioner must show that (1) counsel's performance was deficient under an objective standard of reasonableness; and (2) Petitioner was prejudiced as a result of counsel's deficient performance.  Strickland v. Washington, 466 U.S. 668, 688-94 (1984).  In determining whether counsel's performance was deficient, "the court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and the challenger's burden is to show that the errors were "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  Id. at 687-89.  The Court can find no fault with counsel's performance; he explained all aspects of the plea agreement to Petitioner, as confirmed by Petitioner to the Court, which included the

---

[3]     Although the Second Circuit has held that the one-year limitation period may be equitably tolled in extraordinary circumstances, see Doe v. Menefee, 391 F.3d 147, 159-160 (2d Cir. 2004), Petitioner has not asserted any factual or legal basis for such tolling.

[4]     The Federal Rules of Appellate Procedure require that "[i]n a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (I) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal."  Fed. R. App. P. 4(b)(1)(A).

[5]     Petitioner has in any event waived his rights, pursuant to his plea agreement, to appeal or challenge his sentence, including his forfeiture obligation, under, inter alia, 28 U.S.C. section 2255.  (Change of Plea Tr. at 21:11-22:25.)

stipulation to the forfeiture sum, and he correctly predicted that no fine, as opposed to a

forfeiture obligation, would be imposed. <u>See</u> <u>infra</u> n.2 (quoting Order, Docket Entry No. 1828,

explaining that a fine and forfeiture obligation differ from one another). Moreover, before

accepting his guilty plea, the Court verified that the plea agreement reflected the entirety of

Petitioner's understanding of the agreement. Petitioner's possible misapprehension of counsel's

advice is insufficient to demonstrate that counsel's performance was constitutionally deficient.

<u>CONCLUSION</u>

For the foregoing reasons, Petitioner's motion brought pursuant to 28 U.S.C.

section 2255 is denied in its entirety.

Petitioner may not appeal this order unless "a circuit justice or judge issues a

certificate of appealability." 28 U.S.C.S. § 2253(c)(1) (LexisNexis 2008). A certificate will be

granted "if the applicant has made a substantial showing of the denial of a constitutional right."

28 U.S.C.S. § 2253(c)(2) (LexisNexis 2008); <u>see</u> <u>generally</u> <u>United States v. Perez</u>, 129 F.3d 255,

259-60 (2d Cir. 1997) (discussing the standard for issuing a certificate of appealabilty). The

Court finds that Petitioner will not be able to sustain this burden and declines to issue a

certificate of appealability. Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3)

that any appeal from this Order would not be taken in good faith.  See Coppedge v. United

States, 369 U.S. 438, 444 (1962).

               The Memorandum Order resolves Docket Entry No. 1862.


        SO ORDERED.

Dated: New York, New York
       May 9, 2019

                       /s/ Laura Taylor Swain
                      LAURA TAYLOR SWAIN
                      United States District Judge


Copy mailed to:
Luis Antonio Luciano
1026 Boudinot Place
Elizabeth, NJ, 07201